I. H. STONE, JR., L. L. STONE, S. S. STONE, JR., AND J. W. STONE, CO-PARTNERS AS STONE BROTHERS, *Plaintiffs in Error*, v. JACOB A. WHITE, *Defendant in Error.*

1. There is no error in refusing at the trial the filing of a plea on equitable grounds, when there has been long delay and the defendant has been given all the benefits of the defense so sought to be interposed, under the plea of not guilty.

2. No error appears in the refusal of questions which the record shows were fully answered.

3. Questions having no bearing, relevancy or connection with the examination in chief may be excluded as not being proper for cross-examination.

4. Upon the issue of fraudulent conveyance based upon insufficiency of the consideration an outstanding void tax title is admissible as tending to affect the market value of the land.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*J. M. Calhoun,* for plaintiffs in error;

*W. E. B. Smith* and *W. H. Watson,* for defendant in error.

COCKRELL, J.—White recovered in ejectment of Stone Brothers lands lying in Jackson County.

The first error assigned by the plaintiffs here, the defendants below, is that the court refused to permit them to file their plea on equitable grounds. The bill of exceptions shows that at the trial the defendants offered in evidence such a plea and its admission was refused.

Should we overlook the variance and treat this offer as a motion to file the plea, there is no excuse for the long delay in tendering the additional plea, and moreover the parties were given full opportunity to present all the facts therein sought to be presented as a defense, under their plea of not guilty.

The next two, assignments go to the refusal of the court to permit the defendants to ask the plaintiff two questions. The bill recites in full the testimony of the plaintiff while on the witness stand in his own behalf, and it appears that on the cross-examinations both these questions were answered categorically by him. No error therefore appears.

Emanuel White, Jr., was a witness for the plaintiff, testified on the direct examination that he was the grantor named in the deed to Jacob White; that he formerly owned the land having purchased it from his father—exhibiting the deed from the father, that he had built a house on it and at the time of the deed to the brother he had a tenant on the land paying rent. He was then asked by the defendants what consideration if any passed between his brother and himself at the time the deed was made. The question was objected to as not in cross and the objection was sustained. It is obvious that the objection was well taken. The witnesses testified to no fact or circumstance connected with the passing of the title to the brother, but merely identified himself as the grantor in a deed theretofore introduced in evidence, and his testimony was confined wholly to matters and transactions anterior to the making of the deed. The same observations apply to other questions sought to be propounded this witness on the cross, and there was no attempt to do away with the specific objection by making the witness their own. He was asked other questions which were ruled out upon the same

ground. None of these questions had any bearing, relevancy or connection with the testimony in chief and were properly excluded.

Other objections to supposed rulings upon the evidence are argued, but these find no support whatever on the record and will not be further noticed.

This disposes of all the assignments except the general one covering the overruling of the motion for a new trial.

The brief of the plaintiff in error does not comply with the rule that "each ground of error insisted shall be argued and separately presented and numbered in proper order with the authorities relied on in support thereof," but on the contrary it is difficult to ascertain what particular ground is argued in any specific portion of the brief. We have, however, considered the various instructions given and refused and find those given at the request of the defendants below more favorable than the evidence before us really warranted.

The trial judge in settling the bill of exceptions did not certify that it contained all the evidence, so we cannot consider its sufficiency to support the verdict, and what we have here presented makes out practically no defense. It appears that the plaintiff obtained a deed to the land in dispute from his brother Emanuel White, Jr., about the first of February, 1905, and recorded March 6, 1905, paying therefor three hundred dollars, $125 of which was in cash and the balance by cancelling a prior indebtedness. The defendants claim under a sheriff's deed under a judgment against Emanuel entered June 5, 1905, upon a cause of action begun March 3, 1905, the property bringing at public sale $145. There is no proof that the plaintiff knew at the time of the purchase that the brother Emanuel owed any debts except a mortgage upon his home which was to be paid

off by this sale and the proof is that Emanuel had other property. While the land actually rented for only $25 a year, the testimony was to the effect that the property was worth considerably more than three hundred dollars, but exactly how much is doubtful. The judgment roll was introduced wherein it appears that on April 3, 1905, Emanuel was indebted to Daniel & Milton for balance due for the purchase price of two buggies which with interest amounted to $102. The testimony is positive and uncontradicted that Jacob White knew nothing of this indebtedness until after the judgment was obtained.

The weakness of the defense is apparent. Outside the fact of kinship there is no circumstance here disclosed except a possible discrepancy in the price of the land.

The defendants introduced a tax title to one of them to a large portion of the land which, upon a claim of irregularities in the assessment was declared not to convey title, but which the court instructed the jury might be considered by them as having a possible effect upon the market value of the land. The defendants do not contend that the tax title was valid, but the contention is that the court having ruled that it was void should not have permitted it to influence the jury for any purpose. The contention is not sound. A tax deed or other deed may be ineffective to convey title and yet actually affect the market value of the land and this distinction was carefully preserved in the court's charge.

The plaintiff in error argues strenuously that the court erred in declining to receive penciled instructions handed up by the defendants after it had given the general charge and specific instructions for the respective parties. We fail to discover any assignment upon which this argument can be rested.

We shall not pass in detail upon the various instructions. Every possible defense that by any stretch might

33

find justification in the evidence was accorded the defendants in the instructions given at their instance and no error prejudicial to them is made to appear.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.